UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY D. BOORMAN,

            Plaintiff,

v.

HOUSING AUTHORITY OF
THURSTON COUNTY,

            Defendant.

CASE NO. C15-5186 BHS

ORDER DENYING PLAINTIFF'S MOTIONS AND DISMISSING ACTION

This matter comes before the Court on Plaintiff Mary D. Boorman's ("Boorman") motion to proceed *in forma pauperis* and motion to appoint counsel (Dkts. 1 & 2).

On March 30, 2015, Boorman filed the instant motions and a proposed complaint against Defendant Housing Authority of Thurston County ("HATC"). In the proposed complaint, Boorman alleges that, in April 2013, she was improperly evicted from her subsidized housing and requests that the Court order HATC to return her to her old apartment and pay some limited damages that were incurred during the eviction.

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court, however, has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from

1   the face of the proposed complaint that the action is frivolous or without merit." *Tripati*

2   *v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

3       In this case, Boorman's complaint is without merit because she fails to allege

4   sufficient facts to establish jurisdiction in this Court.  Under the federal housing statutes,

5   Boorman was required to file a complaint with the Department of Housing and Urban

6   Development (HUD) within one year from the date of the alleged improper eviction.  42

7   U.S.C. § 3610.  After HUD issues a decision, Boorman must then file a complaint within

8   a certain time period as well.  *Id*.  Upon review of Boorman's submission, Boorman has

9   failed to show that she followed these procedures to fully exhaust her administrative

10  remedies with any federal agency.  Because failure to exhaust the remedies provided by

11  HUD is a threshold jurisdictional question, Boorman has failed to allege facts sufficient

12  to confer jurisdiction for this Court to consider her complaint.  The Court must dismiss an

13  action when it appears that the Court lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3).

14  Therefore, the Court **DENIES** Boorman's motions (Dkt. 1 & 2) and **DISMISSES**

15  Boorman's complaint without prejudice for lack of jurisdiction.  The Clerk shall close

16  this case.

17      **IT IS SO ORDERED**.

18      Dated this 1st day of April, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge